IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00191-MR
(Criminal Case No. 1:05-cr-00032-MR-1)

| | |
|---|---|
| PAUL BUCKNER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this action in abeyance. [CV Doc. 4].[1] According to the government's motion, defense counsel does not object to its request. [Id.].

Petitioner was convicted in this Court after pleading guilty to bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and (2), and to using and carrying a firearm during and in relation to a crime of violence, bank robbery, in violation of 18 U.S.C. § 924(c). [CR

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:16-cv-00191-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 1:05-cr-0032-MR-1.

Doc. 25]. The Court concluded that Petitioner qualified as a career offender pursuant to U.S.S.G. § 4B1.1 and sentenced him to a term of imprisonment of 290 months. [CR Doc. 25].

On June 21, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. Petitioner challenges this Court's application of the career offender provision of the United States Sentencing Guidelines when determining Petitioner's advisory guideline range. [Id. at 1-2]. In his petition, Petitioner contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), one of his previous convictions — breaking or entering under North Carolina law — no longer qualifies as a "crime of violence" under the Guidelines. [Id. at 4-5]. Consequently, Petitioner argues his career offender designation is improper and thus his sentence is unlawful. [Id.].

In response to Petitioner's motion, the government has filed a motion to hold this proceeding in abeyance. [CV Doc. 4]. The government notes that the Supreme Court has granted a petition for a writ of certiorari in Beckles v. United States, No. 15-8544, 616 Fed. Appx. 415 (11th Cir.), presenting three questions: (1) "Whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)"; (2) "Whether Johnson's constitutional holding

applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenge to sentences enhanced under it cognizable on collateral review?"; and (3) "Whether mere possession of a sawed-off shotgun, an offense listed as a 'crime of violence' only in the commentary to U.S.S.G. 4B1.2 remains a 'crime of violence' after Johnson." The government contends that "the questions presented by [Beckles] are potentially relevant to or dispositive of any right to relief" by Petitioner. [CV Doc. 4 at 2].

Based upon the reasons given by the government, and without objection by Petitioner, the Court concludes that the government's motion should be granted.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 4] is hereby **GRANTED**, and this matter is hereby held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, the government shall have 60 days from the date the Supreme Court decides Beckles within which to file its response in this matter.

**IT IS SO ORDERED.**

Signed: August 22, 2016

Martin Reidinger
United States District Judge

3